■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDDIE EASLEY, Appellant.— Appeal from a judgment of the County Court of Albany County rendered upon a verdict convicting defendant of the crime of assault in the second degree. The complaining witness, a 17-year-old-girl, testified that after defendant accosted her on a city street at about 11:00 P.M., she screamed and defendant thereupon struck her, so that she fell to the pavement, sustaining a linear fracture of the skull. Defendant denied the occurrence but the material portion of a statement in which he admitted the assault was received in evidence without objection. It was for the jury to evaluate the evidence of identification, resolving whatever question there may have been as to the conditions of light and visibility upon the street and weighing whatever inconsistency may have existed between the girl's testimony and the details of the defendant's statement. " Where a witness positively identifies a defendant as the man who committed a crime, the weight of the evidence of identification is for the jury unless it is incredible as a matter of law." (*People* v. *Seppi*, 221 N. Y. 62, 68.) The question as to defendant's sanity was also for the jury and was submitted under a fair and comprehensive charge. It is true that defendant had been treated in mental institutions and, in fact, was recommitted a few days after his arrest and held for about a year before being returned for trial. There was testimony that his condition of schizophrenic reaction, paranoid type, was subject to periods of remission and of exacerbation and that the effect of his arrest, five days after the crime, could be to build up a pressure sufficient to cause an exacerbation. There was no testimony, upon hypothesis or otherwise, that his mental condition at the time of the crime was such as to constitute insanity within the legal definition. Appellant attacks as prejudicial a remark of the Assistant District Attorney made during his summation and, also, a request to charge. We condone neither but consider that in each instance the trial court's ruling and admonition removed the possibility of prejudice. We commend Harvey M. Lifset, Esq., for his able and conscientious conduct of this appeal, pursuant to our assignment. Judgment unanimously affirmed. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.