■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JERRY FESTA, Alias JAMES MALLOY, Appellant.— Appeal by the defendant from a judgment of the County Court, Chemung County convicting him of grand larceny, first degree. The defendant was indicted on two counts, larceny and larceny by false pretenses, for taking the sum of $2,780 from the complainant, an 85-year-old widow. The defendant and three other men had done some roofing work for the complainant in November, 1957. She testified that thereafter on December 6, 1957 the man whom she knew as James Malloy and another man came to her house and said they had something to put on her roof. She testified that they went up to her attic, that she did not see any tools or see them do anything, that they were there for about two hours and then Malloy presented her with a bill for $2,780 for the work he claimed they had done. She paid him and received a receipt which she stated she did not have because a man named Harper had borrowed it from her. The complainant identified the defendant as the man whom she knew as James Malloy. One Gerald Walsh testified that the defendant had told him prior to Christmas of 1957 that he went up and did about an hour and a half's work on a lady's house for which he received "some twenty hundreds". Walsh was serving time for having swindled this complainant on another occasion. The defendant testified in his own behalf stating that on December 6, 1957 he was tending bar at his father's restaurant near Scranton, Pa. His father and three other men testified that he had been so engaged on the day in question. The jury returned a verdict of guilty on the first count which charged larceny by false pretenses. The defendant contends on this appeal that it was not shown that the money was paid in reliance on false pretenses, that the second count of the indictment should have been dismissed and that there were errors in the court's charge. In a case of larceny by false pretenses the questions of whether the pretense was calculated to deceive and whether it was capable of defrauding are for the jury (*People ex rel. Phelps* v. *Court of Oyer & Terminer*, 83 N. Y. 436, 449–450). The jury's findings in this regard here may not be disturbed. Although the second count of the indictment should have been dismissed by the court below, the verdict of guilty on the first count alone had the effect of an acquittal on the second count (*People* v. *Dowling*, 84 N. Y. 478, 483) and the defendant was not prejudiced by the court's failure to dismiss it (*Phelps* v. *People*, 72 N. Y. 365, 373). The court's general charge on reasonable doubt was sufficient so that it was not required to subdivide its charge as to particular bits of proof (*People* v. *Radcliffe*, 232 N. Y. 249). The court should have granted the request that the complainant's age be taken into consideration on the question of her identification of the defendant. However, the general charge being sufficient this error was not

such as to require a reversal. The evidence on the issue of identification was sufficient to support the jury's verdict. The positive identification of the defendant by the complainant was sufficient to create a question for the jury (*People* v. *Seppi*, 221 N. Y. 62, 68), and her testimony was supported by the testimony of Walsh as to admissions made by the defendant which connected him with the crime. Judgment unanimously affirmed. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.