■ In the Matter of RYAN W., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Ambrosio, J.), dated June 19, 1987, which, upon a fact-finding order of the same court, dated May 19, 1987, and made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled

substance in the fourth degree and criminal possession of a weapon in the third degree, placed him with the Division for Youth, Title III, for a period not to exceed 18 months. The appeal brings up for review the fact-finding order dated May 19, 1987.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On January 3, 1987, at about 6:45 P.M., Police Officer Lombardi was in plain clothes seated in an unmarked vehicle at a stakeout on the corner of 133 Street and 120 Avenue in Queens. As a marked patrol car drove by his location, Officer Lombardi observed a black male, whom he identified as the appellant, run into a vacant lot, bend over and deposit "something" on the ground by a wall, located approximately 60 feet from his unmarked car. The male quickly straightened up and then ran back out of the lot. Officer Lombardi proceeded to the location where something had been deposited on the ground and discovered a gun and a brown bag containing numerous vials of cocaine. Lombardi then gave other plain-clothes officers, who were also keeping the area under surveillance, a description of the male who had deposited the contraband in the lot but was no longer within Lombardi's sight. He described the perpetrator as a male black, approximately 5 feet, 6 inches or 5 feet, 7 inches tall, weighing about 130 pounds, and wearing dark clothes and a baseball hat. Officer Lombardi apprehended the appellant about 15 minutes after discovering the contraband. At the time of the arrest, the appellant was standing on a sidewalk directly across the street from the vacant lot, he was wearing a red baseball hat, black jacket and red shirt. There were other black males on the same block at the time of the appellant's arrest.

When a witness positively identifies a person as the perpetrator of a crime, the weight of the evidence of identification is a question primarily for the fact finder, unless it is incredible as a matter of law (People v Seppi, 221 NY 62, 68; People v Easley, 9 AD2d 553; People v Festa, 9 AD2d 556, 557). At trial, Officer Lombardi positively identified the appellant as the male who had deposited contraband in the vacant lot. Although the officer admitted on cross-examination that he had not seen the face of the perpetrator, his identification of appellant was not incredible as a matter of law.

An identification is not precluded merely because the witness did not see the facial features of the perpetrator (see, United States v Williams, 596 F2d 44, 49; People v Spinks, 37

AD2d 424; *People v Armioia,* 109 Misc 2d 1038). "There are a myriad of details that make up the entire person. A combination of details excluding facial features can reveal a person's identity as surely as a person's face. There is no sound reason why facial features should be be a *sine qua non* for identification" *(People v Armioia, supra,* at 1040). An identification may be based upon other factors, such as height, weight, size, clothing, walk or voice *(see, Matter of Charles B.,* 83 AD2d 575, *appeal dismissed* 54 NY2d 1026; *People v Armioia, supra;* 23 CJS, Criminal Law, § 920, at 648; 1 Wharton, Criminal Evidence § 188 [13th ed]).

Unlike *Matter of Charles B. (supra),* relied upon by the appellant, in this case there was sufficient circumstantial evidence establishing the identity of the perpetrator. The identification here was made on the basis of a combination of features other than facial. Not only did the appellant's general physical appearance match the color, height and weight of the perpetrator, but he was also similarly attired in dark apparel and wearing a distinctive hat. Furthermore, under the circumstances of this case, the proximate time and location of the appellant's arrest to the offense are significant indicia of reliability of Officer Lombardi's in-court identification. The officer had observed the perpetrator deposit valuable contraband in a vacant, garbage-strewn lot in an attempt to conceal the weapon and paper bag containing 80 vials of cocaine from a marked police car patrolling the neighborhood. Thus, it was reasonable to infer that the perpetrator would return shortly to recover his contraband or would keep the lot under observation until it was safe to retrieve the cocaine and weapon. The appellant was observed and arrested about 15 minutes after Officer Lombardi had discovered the contraband, while standing on a sidewalk directly across the street from the vacant lot. It is also noteworthy that the identification witness is a 15-year veteran of the police force, who inferably has been specially trained in identifying suspects *(see, People v Cerulli,* 126 AD2d 736). Upon a review of this record, the proof adduced at trial on the issue of identification was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree.

We have reviewed the appellant's other contention and find it to be without merit. Thompson, J. P., Weinstein and Rubin, JJ., concur.

Brown, J., dissents and votes to reverse the order of disposition, to vacate the fact-finding order, and to dismiss the proceeding with the following memorandum: I conclude that the evidence of identification in this case was legally and factually insufficient to establish the appellant's guilt beyond a reasonable doubt (Family Ct Act § 342.2 [2]; *Matter of Charles B.,* 83 AD2d 575, *appeal dismissed* 54 NY2d 1026; *cf.,* CPL 470.15; *People v Noland,* 27 AD2d 663). Accordingly, I dissent.

Although the arresting officer identified the appellant as the person who deposited the contraband in the vacant lot, he admitted on cross-examination that he had not seen the face of the perpetrator, that the lighting conditions were "fairly dark", and that his observations were made from a distance of approximately 60 feet. The description provided to his fellow officers who effectuated the appellant's arrest indicated only that the individual involved was a black male, approximately 5 feet, 6 inches or 5 feet, 7 inches tall, weighing about 130 pounds and wearing dark clothes and a baseball cap. There were no unique characteristics noted by the officer.

While it is true that an identification may be sustained even though the witness did not see the facial features of the perpetrator *(see, People v Armioia,* 109 Misc 2d 1038), at bar neither the perpetrator's clothing nor his general appearance was unusual or distinctive; the officer's description of his height and weight did not indicate any unusual stature or physique; and his clothing was unremarkably described as dark. The only specific article of clothing described with any detail was the perpetrator's headgear—a baseball cap—and even that was not described as to color. I find nothing particularly distinctive in today's world of casual street fashions in the wearing of an otherwise undescribed baseball cap. Importantly, following his observation of the perpetrator, the officer lost sight of him; and it is also worth noting that at the time of the appellant's arrest there were a number of other black males standing in the vicinity and no details were provided as to their appearance. It would appear that the appellant was identified as the perpetrator by the arresting officer simply because he was similarly attired, his general physical appearance matched the height and weight of the perpetrator and he was standing across the street from the lot approximately 15 minutes after the contraband was discovered.

Under the circumstances here present, where the observation of the perpetrator was made under poor lighting conditions from a considerable distance, the officer was unable to

give more than a general description of the perpetrator, and the subsequent identification of the appellant was based only upon general physical appearance and nondescript attire, I conclude that the evidence of identification was not legally sufficient to establish beyond a reasonable doubt the appellant's identity as the perpetrator *(see, Matter of Charles B., supra; cf.,* CPL 470.15 [4]; *People v Noland, supra).* Since there was no other evidence linking the appellant to the contraband, the adjudication must be reversed. Moreover, even were I to conclude that the evidence was legally sufficient, I would find, upon weighing the evidence in the exercise of my factual review power, that it was not of sufficient quality and quantity to sustain the adjudication (Family Ct Act § 342.2 [2]; *cf.,* CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490).