■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WATLEY, Appellant. [667 NYS2d 376] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered November 21, 1995, convicting him of rape in the third degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court correctly denied his motion to dismiss the indictment on the ground that his statutory right to a speedy trial was violated (*see,* CPL 30.30). The periods of delay chargeable to the People did not exceed the statutorily-prescribed maximum-time limitation (*see,* CPL 30.30 [4] [a], [b], [c], [f], [g]; *People v Goode,* 87 NY2d 1045; *People v Cortes,* 80 NY2d 201; *People v Liotta,* 79 NY2d 841; *People v Thomas,* 223 AD2d 610).

Similarly unavailing is the defendant's contention that the trial court erred in admitting the People's DNA evidence without any accompanying statistical analysis regarding the likelihood that the tested samples came from the defendant. The People's DNA expert never testified that the genetic patterns found in the samples matched the defendant's DNA so as to require the performance and submission of such a statistical

analysis. Rather, the expert merely concluded that "the only truly accurate impression" to be drawn from the DNA testing was that "neither the [defendant] [n]or the victim can be excluded as being a contributor to the overall [genetic] pattern" found in the samples. Moreover, the expert conceded that the analysis could not identify the defendant as the exclusive source of the samples, and that the pattern could have come from others in the general population. Indeed, the testimony of the defendant's own DNA experts confirmed that there was no match in this case and that a statistical population analysis would not be expected under these circumstances. Accordingly, the defendant's argument is without merit. Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.