■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS BARNES, Appellant. [690 NYS2d 70] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered January 6, 1997, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of burglary in the first degree to burglary in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

The defendant broke into a dwelling and, while inside, was confronted by the landlords, a husband and wife. As the wife attempted to assist her husband, who was engaged in a physical struggle with the defendant, the defendant bit and twisted her arm. At trial, the wife testified that her arm hurt her so much that she was unable to work for three weeks. There was no other evidence to substantiate her injuries.

While the question of whether the element of physical injury has been established is generally one for the trier of fact, "there is an objective level * * * below which the question is one of law" (*Matter of Philip A.*, 49 NY2d 198, 200). The People have failed to present legally sufficient evidence to reach that objective level (*see, People v Cicciari*, 90 AD2d 853). Accordingly, the conviction for burglary in the first degree should be reduced to the lesser-included offense of burglary in the second degree, which lesser crime was proven at trial (*see, People v Cicciari, supra*).

The defendant's contention that he was prejudiced by certain fleeting remarks in the People's summation is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, the court sustained all defense objections to the remarks, admonishing the prosecutor to "wind up" her summation (*see, People v Jackson*, 199 AD2d 535). Altman, J. P., Goldstein, Florio and McGinity, JJ., concur.