■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMLACK LAMBERT, Appellant. [709 NYS2d 189] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schulman, J.), rendered October 16, 1998, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his argument that the evidence was legally insufficient to establish his identity as the perpetrator beyond a reasonable doubt (*see, People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity as the person who asked the complain-

ant for the time, grabbed him by the collar, and along with another person, demanded money and threatened to kill him. The complainant had an opportunity to observe the defendant both before and during the robbery, and identified him shortly thereafter (*see, People v White*, 192 AD2d 736).

The discrepancies between the complainant's previous statements and his trial testimony, and the inconsistencies between the complainant's testimony and that of the police officer were minor and did not render the complainant's testimony incredible or unreliable as a matter of law. On the contrary, these discrepancies and inconsistencies were matters to be considered by the jury in assessing his credibility (*see, People v Clark*, 201 AD2d 332; *People v White, supra*; *People v Greene*, 184 AD2d 729; *People v Caballero*, 177 AD2d 496).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be given to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86, 88). Ritter, J. P., Joy, Goldstein and H. Miller, JJ., concur.