■ In the Matter of KASSAN D., a Person Alleged to be a Juvenile Delinquent, Appellant. [724 NYS2d 334] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Bogacz, J.), dated April 29, 1998, which, upon a fact-finding order of the same court, dated March 20, 1998, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and menacing in the third degree, adjudged him to be a juvenile delinquent, and placed him with the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress identification testimony. By decision and order dated March 13, 2000, this Court remitted the matter to the Family Court, Queens County, to hear and report on that branch of the appellant's omnibus motion which was to suppress identification testimony, and the appeal was held in abeyance in the interim. The report of the Family Court has now been received.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant argues that the presentment agency failed to meet its burden of establishing that the identification procedure was not unduly suggestive because it did not call Police Officer Flynn. Initially, since the appellant failed to advance this argument at the *Wade* hearing (*see, United States v Wade,* 388 US 218), this contention is unpreserved for appellate review (*see,* CPL 470.05 [2]; *cf., People v Sanchez,* 178 AD2d 567, 568). In any event, this contention is without merit. The presentment agency has the initial burden of demonstrating that the pretrial identifications were reasonable and not unduly suggestive (*cf., People v Swain,* 171 AD2d 765, 766). After the robbery, the complainant called the police and was taken on a canvass of the area in a police vehicle which resulted in an identification of the appellant. It was also shown that the identification procedure was conducted in close spatial and temporal proximity to the offense, and the identification was spontaneous. Under these circumstances, the presentment agency met its initial burden of establishing the reasonable-

ness of the police conduct, and the lack of any undue suggestiveness. Moreover, the appellant offered no proof of any unduly suggestive police conduct (*cf., People v Chipp*, 75 NY2d 327).

The Family Court did not abuse its discretion in incorporating into the *Wade* hearing the testimony adduced at the *Dixon* hearing (*see, People v Dixon*, 85 NY2d 218), since the appellant was given the opportunity to cross-examine the witness at the *Wade* hearing. Altman, J. P., Krausman, Friedmann and Feuerstein, JJ., concur.