■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BELL, Appellant. [750 NYS2d 509] —Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered July 24, 2001, convicting him of rape in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that DNA evidence should not have been admitted without a statistical analysis is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the contention is without merit. Here, as in *People v Watley* (245 AD2d 323), the People's DNA expert did not testify that the defendant's DNA matched the DNA found in the samples collected from the victim. Rather, she testified, in effect, that the defendant was a possible donor for those samples.

The defendant also contends that he was denied the effective assistance of counsel at trial. After a review of the record in its entirety and without giving undue significance to retrospective analysis, we are satisfied that the defendant received the effective assistance of counsel (*see People v Baldi,* 54 NY2d 137; *People v Myers,* 220 AD2d 461).

The defendant's remaining contention is without merit. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DINO BEST, Also Known as MICHAEL SMITH, Appellant. [750 NYS2d 510] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered November 8, 1999, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Santucci, J.P., Feuerstein, O'Brien and Schmidt, JJ., concur.