■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIDRO ALMONTE, Appellant. [806 NYS2d 95]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered March 27, 2003, convicting him of robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of robbery in the second degree under count two of the indictment and assault in the second degree under count three of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the prosecution failed to adduce legally sufficient evidence of his identity as one of the perpetrators is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20 [1995]; *People v Majors,* 18 AD3d 886 [2005], *lv denied* 5 NY3d 808 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that the identification evidence was legally sufficient. The discrepancies in the complainant's prior statements to a police officer and the complainant's trial testimony, and the inconsistencies between the complainant's testimony and that of the police officer, were not of such magnitude as to render the complainant's testimony incredible or unreliable as a matter of law (*see People v Lambert,* 272 AD2d 413 [2000]; *see also People v Sedney,* 6 AD3d 632 [2004]; *People v Tucker,* 298 AD2d 415 [2002]). To the contrary, these discrepancies and inconsistencies, along with the complainant's intoxication and his delay in reporting the incident to the police, were all fully explored at trial and were matters to be considered by the jury in assessing the complainant's credibility (*see People v Lambert, supra; People v Betts,* 292 AD2d 539 [2002]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt of robbery in the second degree under count one of the indictment was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, we agree with the defendant that the People failed to present legally sufficient evidence of physical injury to sustain his convictions of robbery in the second degree under count two of the indictment (*see* Penal Law § 160.10 [2] [a]) and assault in the second degree under count three of the indictment (*see* Penal Law § 120.05 [6]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Although the question of whether physical injury has been

established is generally for the jury to decide, "there is an objective level . . . below which the question is one of law" (*Matter of Philip A.,* 49 NY2d 198, 200 [1980]; *see People v Barnes,* 261 AD2d 409, 410 [1999]). In this case, the evidence was legally insufficient to establish that the complainant sustained physical injury (*see People v Baez,* 13 AD3d 463, 464 [2004]; *People v Briggs,* 285 AD2d 651 [2001]; *People v Barnes, supra* at 410; *People v Smith,* 176 AD2d 904, 905 [1991]).

The defendant's contention that the prosecutor's summation deprived him of a fair trial is unpreserved for appellate review, since the defendant failed to object or raised only general objections to the prosecutor's summation remarks, did not request curative instructions when his objections were sustained, and failed to move for a mistrial (*see People v Tonge,* 93 NY2d 838, 839 [1999]; *People v Evans,* 291 AD2d 569 [2002]; *People v Livigni,* 288 AD2d 323, 324 [2001]). In any event, most of the challenged remarks were either responsive to the defense counsel's summation or fair comment upon the evidence (*see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Galloway,* 54 NY2d 396 [1981]; *cf. People v Ashwal,* 39 NY2d 105 [1976]). To the extent that some of the remarks were improper, they were not so flagrant or pervasive as to deny the defendant a fair trial (*see People v Roopchand,* 107 AD2d 35, 36-37 [1985], *affd* 65 NY2d 837 [1985]). Florio, J.P., Goldstein, Fisher and Covello, JJ., concur.