■ In the Matter of CHRISTIAN M., a Person Alleged to be a Juvenile Delinquent, Appellant. [831 NYS2d 247]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated February 15, 2006, which, upon a fact-finding order of the same court dated December 14, 2005, made after a fact-finding hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the third degree and menacing in the third degree, inter alia, adjudged him to be a juvenile delinquent, and placed him in the custody of the Office of Children and Family Services for a period of 12 months.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the Office of Children and Family Services for a period of 12 months is dismissed as academic, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]), we find that the identification evidence was legally sufficient (*see People v Pittman,* 186 AD2d 282 [1992]; *People v Wiley,* 137 AD2d 735, 736 [1988]). The discrepancies and inconsistencies in the complainant's identification testimony were not of such a magnitude as to render his testimony incredible or unreliable as a matter of law (*see People v Fields,* 28 AD3d 789, 790 [2006]; *People v Almonte,* 23 AD3d 392, 393 [2005]; *People v Lambert,* 272 AD2d 413, 414 [2000]; *People v Rose,* 224 AD2d 643 [1996]; *Matter of Ryan W.,* 143 AD2d 435, 436-437 [1988]). Such discrepancies and inconsistencies are matters to be considered by the finder of fact in assessing a witness's credibility (*see People v Almonte, supra; People v Lambert, supra* at 414). Resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*cf. People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *Matter of Ryan W., supra*). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence

(*cf. People v Romero, supra; Matter of Ryan W., supra*). Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.