■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE P. SCHOUENBORG, Appellant. [840 NYS2d 807]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered June 16, 2005, convicting him of sodomy in the first degree (two counts), sodomy in the second degree (two counts), sexual abuse in the second degree (four counts), and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that the identification evidence was legally sufficient (*see People v Almonte,* 23 AD3d 392, 393 [2005]). The discrepancies in the complainant's prior statements to a detective and her trial testimony, and the inconsistencies between the complainant's testimony and that of the other witnesses were minor and did not render her testimony incredible or unreliable as a matter of law (*see People v Fields,* 28 AD3d 789, 790 [2006]; *People v Rose,* 224 AD2d 643 [1996]). To the contrary, these discrepancies and inconsistencies were fully explored at trial and were matters to be considered by the jury in assessing the complainant's credibility (*see People v Almonte, supra* at 393; *People v Lambert,* 272 AD2d 413, 414 [2000]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great defer-

ence on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The defendant's contention that DNA evidence should not have been admitted without a statistical analysis is without merit (*see People v Bell,* 299 AD2d 557 [2002]; *People v Watley,* 245 AD2d 323 [1997]). The People's DNA expert never testified that the genetic pattern found in the sample matched the DNA of the complainant so as to require a statistical population analysis. Rather, she testified that the complainant could not be excluded as being a contributor to the pattern found in the sample. In addition, the trial court properly admitted the photograph taken of the defendant in 2001 as it tended to show that the defendant had facial hair in the past and was relevant to establish his appearance on the date of the crime (*see People v Esdaille,* 160 AD2d 811 [1990]; *People v Stroud,* 121 AD2d 484, 485 [1986]; *see also People v Scarola,* 71 NY2d 769, 777 [1988]).

The prosecutor's comments during summation that were alleged to be prejudicial were either fair comment upon the evidence, a fair response to arguments presented in summation by defense counsel, or harmless in light of the overwhelming proof of the defendant's guilt (*see People v Prince,* 36 AD3d 833, 834 [2007]; *People v Urena,* 24 AD3d 693 [2005]; *People v Meyers,* 13 AD3d 395 [2004]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]). Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.