THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSHANDEEN BAKSH, Appellant. [845 NYS2d 343]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered July 15, 2004, convicting him of manslaughter in the second degree, assault in the second degree (two counts), criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of assault in the second degree (two counts) and criminal possession of a weapon in the fourth degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

On the evening of May 3, 2002 Toolsie Jagmohan (hereinafter the decedent) was at a gathering with the defendant and Vishny Singh, Dindial Jaikissoon, and Harry Chettana, who had all

consumed substantial amounts of alcohol. That night, the decedent Jaikissoon and Chettana were each struck in the head, and each suffered certain injuries. The decedent died as a result of his injuries.

At the trial, Singh testified that the defendant, who was wielding a bat, hit the decedent in the head, hit Jaikissoon, and hit Chettana in the head. Jaikissoon testified that the defendant hit the decedent in the head with a pipe, and that someone hit him in the head with a bottle. Chettana testified that the defendant hit him in the head with a pipe.

Contrary to the defendant's contention, the evidence, when viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), was legally sufficient to establish the defendant's identity as the assailant of the decedent Jaikissoon, and Chettana. While the testimony of the various witnesses concerning the events leading up to the attacks contained contradictions, these discrepancies and inconsistencies were minor, and did not render the witnesses' testimony incredible or unreliable as a matter of law (*see People v Almonte*, 23 AD3d 392, 393 [2005]; *People v Lambert*, 272 AD2d 413, 414 [2000]). Those discrepancies and inconsistencies, along with the witnesses' levels of intoxication, were fully explored at trial and were matters to be considered by the jury in assessing the witnesses' credibility (*see People v Almonte, supra* at 393; *People v Lambert, supra* at 414). Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the jury's finding that the defendant was the assailant was not against the weight of the evidence (*see People v Romero, supra* at 644-645).

However, we agree with the defendant that even when viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 621), the People failed to establish that Jaikissoon or Chettana suffered a "physical injury" (Penal Law § 10.00 [9]). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Here, however, the record, which contains photographs that were shown to the jury depicting Jaikissoon's and Chettana's injuries, does not support a finding that Jaikissoon, whose upper back was bruised, or Chettana, who suffered a small cut on his head that did not require suturing, suffered an

impairment ·of physical condition. Similarly, the evidence does not support a finding that either of the men experienced substantial pain. One "relevant" consideration when determin-· ing whether a complaining witness experienced substantial pain is whether the witness "sought medical treatment" for their injuries (*People v Chiddick*, 8 NY3d 445, 447 [2007]), and here, neither of the men sought medical attention (*see People v Briggs*, 285 AD2d 651, 652 [2001]). Another relevant consideration is whether the victims' pain was "slight or trivial" (*People v Chiddick, supra* at 447), and here, Jaikissoon testified that he had a "little" pain for a "[c]ouple of days" and Chettana testified that he had "slight" pain for "a day or two" (*see People v DiStefano*, 252 AD2d 530 [1998]; *People v Foster*, 162 AD2d 703, 704 [1990]). Thus, the defendant's convictions of assault in the second degree must be vacated (*see* Penal Law § 120.05 [2]).

The defendant's contention regarding the trial court's failure to instruct the jurors not to discuss the case with each other through the course of the trial (*see* CPL 270.40, 310.10 [1]) is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to review this contention in the exercise of our interest jurisdiction (*see* CPL 470.15 [6] [a]).

The defendant contends, and the People correctly concede, that the defendant's conviction of criminal possession of a weapon in the fourth degree must be dismissed, as it is an inclusory concurrent count of criminal possession of a weapon in the third degree (*see* CPL 300.30 [4]; 300.40 [3] [b]; *People v Hollenquest*, 309 AD2d 1159, 1160 [2003]). Miller, J.P., Goldstein, Fisher and Covello, JJ., concur.