■ In the Matter of JAMEL G., a Person Alleged to be a Juvenile Delinquent, Appellant. [858 NYS2d 728]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated May 31, 2007, which, upon a fact-finding order of the same court dated March 13, 2007, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, criminal possession of stolen property in the fifth degree, attempted assault in the third degree (three counts), and menacing in the third degree (three counts), adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months subject to certain conditions. The appeal brings up for review the fact-finding order dated March 13, 2007 and the denial of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the presentment agency met its initial burden of demonstrating that the identification procedure was reasonable and not unduly suggestive by presenting testimony that the identification was spontaneous and occurred in close spatial and temporal proximity to the offense (*see Matter of Kassan D.*, 282 AD2d 747 [2001]). Moreover, the appellant offered no proof of any unduly suggestive police conduct (*cf. People v Chipp*, 75 NY2d 327 [1990], *cert denied* 498 US 833 [1990]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that the identification evidence was legally sufficient to support the findings that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, criminal possession of stolen property in the fifth degree, attempted assault in the third degree, and menacing in the third degree (*cf. People v Gonzalez*, 3 AD3d 579 [2004]). The discrepancies and inconsistencies in the identification testimony were not of such a magnitude as to render that testimony incredible or unreliable as a matter of law (*see Matter of Christian M.*, 37 AD3d 834 [2007]; *Matter of Nikkia C.*, 187 AD2d 581 [1992]). Such discrepancies and inconsistencies are matters to be considered by the finder of fact in assessing a witness's credibility (*see Matter of Christian M.*, 37 AD3d 834 [2007]). Resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determina-

tion should be accorded great deference on appeal (see Matter of Ryan W., 143 AD2d 435 [1988]; cf. People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (see Matter of Ryan W., 143 AD2d 435 [1988]; cf. People v Romero, 7 NY3d 633 [2006]).

The Family Court has broad discretion in entering dispositional orders (see Family Ct Act § 141). Based upon the nature of the incident, the recommendations made in the probation report and mental health report, the appellant's poor record of attendance and performance in school, the appellant's association with friends who were in a gang and were a negative influence on him, and the appellant's disciplinary history in school including two suspensions, one of which was for hitting a teacher, the Family Court properly found that the "least restrictive [dispositional] alternative" was probation supervision for a period of 18 months (see Family Ct Act § 352.2 [2] [a]; see Matter of Melissa B. 49 AD3d 536 [2008]; Matter of Oneil D., 35 AD3d 602 [2006]; Matter of Cindy A., 31 AD3d 440 [2006]; Matter of Leah G., 23 AD3d 658 [2005]; Matter of Rosario S., 18 AD3d 563 [2005]; Matter of Antonio C., 294 AD2d 123 [2002]).

The appellant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.