■ In the Matter of BRANDEN C., Appellant. [864 NYS2d 461]— In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated June 21, 2007, which, upon a fact-finding order of the same court dated May 14, 2007, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, assault in the third degree, criminal possession of stolen property in the fifth degree and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated May 14, 2007.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that the identification evidence was legally sufficient (*see* Family Ct Act § 343.3; *cf. People v Bond*, 156 AD2d 573 [1989]). The record fails to support the appellant's contention that the arresting officer, who, after reviewing his arrest report prior to taking the stand, identified the appellant in court as one of the individuals selected by the complainant at a pretrial showup identification, was incredible as a matter of law (*see Matter of Christian M.*, 37 AD3d 834 [2007]; *cf. People v Nicholas*, 148 AD2d 474 [1989]). "Resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal" (*Matter of Christian M.*, 37 AD3d at 834; *cf. People v Romero*, 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of Ryan W.*, 143 AD2d 435 [1988]; *cf. People v Romero*, 7 NY3d at 644-645).

The appellant's remaining contentions are without merit. Mastro, J.P., Dillon, Eng and Belen, JJ., concur.