■ In the Matter of CHRISTOPHER C., Appellant. [863 NYS2d 759]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Bogacz, J.), dated June 29, 2007, which, upon a fact-finding order of the same court dated February 27, 2007, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of two years upon certain terms and conditions. The appeal brings up for review the fact-finding order dated February 27, 2007.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that the identification evidence was legally sufficient (*see Matter of Jamel G.*, 51 AD3d 918, 919 [2008]; *Matter of Christian M.*, 37 AD3d 834 [2007]). The discrepancies and inconsistencies in the identification testimony were not of such a magnitude as to render that testimony incredible or unreliable as a matter of law (*see Matter of Jamel G.*, 51 AD3d 918, 919 [2008]; *Matter of Christian M.*, 37 AD3d 834 [2007]; *People v Almonte*, 23 AD3d 392, 393 [2005]; *People v Lambert*, 272 AD2d 413, 414 [2000]; *Matter of Nikkia C.*, 187 AD2d 581, 582 [1992]). Such discrepancies and inconsistencies are matters to be considered by the finder of fact in assessing a witness's credibility (*see Matter of Christian M.*, 37 AD3d 834 [2007]; *People v Almonte*, 23 AD3d 392, 393 [2005]; *People v Lambert*, 272 AD2d 413, 414 [2000]). Resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Jamel G.*, 51 AD3d 918, 919-920 [2008]; *Matter of Christian M.*, 37 AD3d 834 [2007]; *Matter of Ryan W.*, 143 AD2d 435, 436 [1988]; *cf. People v Romero*, 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633, 643-644 [2006]). Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.