■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST JONES, Appellant. [916 NYS2d 114]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered March 25, 2009, convicting him of criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, unauthorized use of a vehicle in the third degree, unlawfully operating or driving a motor vehicle on a public highway, and making an improper turn, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's convictions arise out of his possession of a stolen vehicle, his unauthorized use of the vehicle, his operation of the vehicle without a license, and his making an improper turn without giving an appropriate signal.

The defendant contends that the evidence was legally insufficient to establish, beyond a reasonable doubt, that he knew the vehicle he was driving was stolen, as required for a conviction of criminal possession of stolen property in the fourth and fifth degrees (*see* Penal Law §§ 165.40, 165.45), or that he knew that he was operating the vehicle without the owner's consent, as required for a conviction of unauthorized use of a vehicle in the third degree (Penal Law § 165.05). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Cintron*, 95 NY2d 329, 332-333 [2000]; *People v Steisi*, 257 AD2d 582, 583 [1999]; *People v Bradley*, 143 AD2d 276, 277 [1988]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to

view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Although the vehicle's key was in the ignition and its steering column and locks were intact (*see People v Bullock*, 287 AD2d 465 [2001]), the defendant had exclusive possession of the vehicle and told a police officer that he knew the vehicle was stolen. In addition, the vehicle's center console, its radio, and one of its speakers were missing. Further, the discrepancies between the police officer's prior statements and her trial testimony were not of such magnitude as to render her testimony concerning the defendant's statement to her that the defendant knew the vehicle was stolen incredible or unreliable (*see People v Almonte*, 23 AD3d 392, 393 [2005]; *People v Lambert*, 272 AD2d 413, 414 [2000]). The discrepancies were fully explored at trial and could be considered by the jury in assessing the police officer's credibility (*see People v Fields*, 28 AD3d 789, 790 [2006]; *People v Almonte*, 23 AD3d at 393; *People v Lambert*, 272 AD2d at 414).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.