■ In the Matter of ANDREW S., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. (Appeal No. 1.) In the Matter of JOSEPH B., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. (Appeal No. 2.) In the Matter of DARRIN B., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. (Appeal No. 3.) In the Matter of DANNY G., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. (Appeal No. 4.) [960 NYS2d 478]—

In four related juvenile delinquency proceedings pursuant to Family Court Act article 3, the Presentment Agency appeals from four orders (one in each proceeding) of the Family Court, Kings County (Ambrosio, J.), each dated December 13, 2011, which dismissed the respective petitions, with prejudice. The appeals bring up for review the granting, after a hearing (Freeman, J.), of the motion of the respondent Andrew S., and those branches of the separate omnibus motions of the respondents Joseph B., Darrin B., and Danny G., which were to suppress identification testimony.

Ordered that the orders are affirmed, without costs or disbursements.

The Presentment Agency has the initial burden of demonstrating that the pretrial identification procedures were reasonable and not unduly suggestive (*see Matter of Jamel G.*, 51 AD3d 918, 919 [2008]; *Matter of Kassan D.*, 282 AD2d 747, 747 [2001]).

Here, the evidence presented by the Presentment Agency contained inconsistencies as to, inter alia, the number of individuals present in a group of persons from which the complainant identified the alleged perpetrator, whether the complainant viewed one or two groups of individuals, and whether the police prompted the complainant to make an identification. There was also conflicting testimony as to whether two of the individuals identified by the complainant were apprehended only after a further pursuit and further identification procedure, the specifics of which were not elicited.

Under these circumstances, the Family Court did not err in finding that the Presentment Agency failed to meet its initial burden of establishing the reasonableness of the identification procedure and the lack of any suggestiveness of that procedure (*see People v Ortiz*, 90 NY2d 533, 538 [1997]; *People v Coleman*, 73 AD3d 1200, 1203 [2010]).

Accordingly, the Family Court properly granted the motion of the respondent Andrew S., and those branches of the separate omnibus motions of the respondents Joseph B., Darrin B., and Danny G., which were to suppress identification testimony, and, thereafter, properly dismissed the petitions as based on legally insufficient evidence. Skelos, J.P., Leventhal, Hall and Sgroi, JJ., concur.