People v Walker (2019 NY Slip Op 01435)





People v Walker


2019 NY Slip Op 01435


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2015-06259
 (Ind. No. 10342/14)

[*1]The People of the State of New York, respondent,
v
Kenneth Walker, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Aurora Alvarez-Calderon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered June 12, 2015, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's challenge to certain comments made by the prosecutor is only partially preserved for appellate review (see CPL 470.05[2]). In any event, the challenged remarks either were fair comment on the evidence and the inferences to be drawn from the evidence (see People v Ashwal, 39 NY2d 105, 109), were fair response to the defense summation (see People v Galloway, 54 NY2d 396, 399), or were not so egregious as to have deprived the defendant of a fair trial (see People v Almonte, 23 AD3d 392, 394).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is academic in view of our determination.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court