The People of the State of New York, Respondent, 
against
Travis Gladden, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Harold Adler, J.), rendered December 10, 2014, after a nonjury trial, convicting him of reckless driving, and imposing sentence.




Per Curiam.
Judgment of conviction (Harold Adler, J.), rendered December 10, 2014, affirmed.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), it was legally sufficient to establish defendant's guilt of reckless driving (see Vehicle and Traffic Law § 1212). The credited police testimony established that defendant drove his dirt bike the wrong way down a one-way street while swerving in and out of traffic, prior to crashing into the front of an unmarked police car. The trial court could rationally conclude from the evidence that defendant "unreasonably interfere[d] with the free and proper use of the public highway" and unreasonably endangered the safety of those that were on the road at that time (Vehicle and Traffic Law § 1212; see People v Grogan, 260 NY 138, 144 [1932]; People v Olsen, 124 AD3d 1084, 1086 [2015], lv denied 26 NY3d 933 [2015]).
Nor was the verdict against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the trial court's determinations concerning credibility, including its acceptance of the police officers' eye-witness testimony and rejection of defendant's version of the incident. The discrepancies and inconsistencies in the police officers' testimony were fully explored by defense counsel on cross-examination and we find no basis to disturb the court's resolution of the issues (see People v Jones, 79 AD3d 1073, 1074 [2010], lv denied 17 NY3d 954 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: October 18, 2019