The People of the State of New York, Respondent,
against
Jose Sanchez-Ponce, Appellant. 




Appellate Advocates (Charity L. Brady of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J), rendered January 29, 2016. The judgment convicted defendant, after a nonjury trial, of driving while ability impaired, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
At a nonjury trial, the testimony of two police officers, who had responded to the scene of a two-car accident, established, among other things, that defendant had been the driver of one of the motor vehicles; that defendant had had bloodshot and watery eyes, and slurred speech; that an odor of alcohol had emanated from defendant's breath; and that defendant had been unsteady on his feet and required physical assistance to exit his vehicle, stand upright, and walk. Following the trial, defendant was convicted of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]).
On appeal, defendant contends that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt, and, in any event, the verdict was against the weight of the evidence. Defendant also contends that the Criminal Court erred in refusing to give a missing witness charge with respect to a third responding police officer.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish defendant's guilt of driving while ability impaired beyond a reasonable doubt. Here, two police officers testified consistently regarding the indicia of defendant's impairment. While there were minor inconsistencies in the policies officers' testimonies regarding the specific location of damage on the other vehicle involved in the accident, these discrepancies did not render their accounts incredible as a matter of law (see People v Baksh, 43 AD3d 1072, 1073 [2007]; People v McIntosh, 55 Misc 3d 142[A], 2017 NY Slip Op 50604[U] [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2017]). Moreover, as the People correctly contend, whether the damage on the other vehicle involved was on the front left or the back left of that vehicle was not germane to whether defendant displayed observable signs of physical impairment. 
Furthermore, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Finally, contrary to defendant's contention, the Criminal Court did not abuse its discretion in declining to give the requested missing witness charge with respect to a third police officer who had responded to the scene of the accident. Defendant failed to meet his initial burden of establishing that the testimony the missing witness could provide regarding the precise location of the damage to the other vehicle involved in the accident was a material issue in this case (see People v Smith, 33 NY3d 454, 458-459 [2019]).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 8, 2020