People v Alexander (2020 NY Slip Op 51162(U))

[*1]

People v Alexander (Rasheed)

2020 NY Slip Op 51162(U) [69 Misc 3d 130(A)]

Decided on October 5, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570806/16

The People of the State of New York,
Respondent,
against
Rasheed Alexander,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ann E. Scherzer, J.), rendered October 21, 2016, after a nonjury trial, convicting
him of driving while impaired, and imposing sentence.

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered October 21, 2016, affirmed.
The verdict convicting defendant of driving while impaired (see Vehicle and Traffic
Law § 1192[1]) was not against the weight of the evidence (see People v Danielson,
9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility
determinations, including its rejection of defendant's version of events. The credited police
testimony established that after being stopped for driving the wrong way down a one-way street
at approximately 5:20 a.m., defendant exhibited visible signs of impairment by alcohol, including
bloodshot and watery eyes, slurred speech, an odor of alcohol on his breath and he was unsteady
on his feet (see People v Cruz, 48 NY2d 419, 426-428 [1979], appeal dismissed
446 US 901 [1980]). The discrepancies and inconsistencies in the police officers' testimony were
fully explored by defense counsel on cross-examination and we find no basis to disturb the
court's resolution of the issues (see
People v Jones, 79 AD3d 1073, 1074 [2010], lv denied 17 NY3d 954 [2011]).
The trial distilled to a credibility contest between the police witnesses, on the one hand, and
defendant, on the other, and the trial court was in a far superior position to gauge the credibility
of the witnesses (see People v Lane,
7 NY3d 888, 889 [2006]). Thus, while an acquittal would not have been unreasonable, the
trial court was justified in finding defendant guilty (see People v Danielson, 9 NY3d at
348). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 5, 2020