People v Onicha (2021 NY Slip Op 50073(U))

[*1]

People v Onicha (Jude)

2021 NY Slip Op 50073(U) [70 Misc 3d 137(A)]

Decided on February 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-645 N CR

The People of the State of New York,
Respondent,
against
Jude Onicha, Appellant. 

Thomas R. Villecco, for appellant.
Nassau County District Attorney (Brian Witthuhn and Libbi Vilher of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, Second District (Eileen J.
Goggin, J.), rendered March 1, 2019. The judgment convicted defendant, upon a jury verdict, of
assault in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a misdemeanor information with assault in the third degree (Penal
Law § 120.00 [1]) and criminal mischief in the fourth degree (Penal Law § 145.00
[1]), based upon allegations that he punched and bit the complainant, his girlfriend at the time, in
her bedroom and threw her cellular phone into her closet, causing damage. Following a jury trial,
defendant was convicted of assault in the third degree and acquitted of criminal mischief in the
fourth degree. On appeal, defendant argues that his conviction of assault in the third degree was
against the weight of the evidence.
Upon request by a defendant, this court "must conduct a weight of the evidence review"
(People v Danielson, 9 NY3d 342, 348 [2007]). In so doing, this court accords great
deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe
their demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69
NY2d 490, 495 [1987]). This court first must determine, based on the credible evidence, whether
a different result would have been unreasonable (see e.g. People v Lane, 7 NY3d 888,
890 [2006]; People v Zephyrin, 52
AD3d 543 [2008]). If not, this court next must "weigh conflicting testimony, review any
rational inferences that may be drawn from the evidence and evaluate the strength of such
conclusions. Based on the weight of the credible evidence, the court then decides whether the
jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v [*2]Andujar, 166 AD3d 893, 894 [2018]). In essence, " 'the
court sits as a thirteenth juror and decides which facts were proven at trial' " (id., quoting
Danielson, 9 NY3d at 348).
Upon a review of the record, we find that defendant's conviction was not against the weight
of the trial evidence. The complainant's testimony that defendant punched and bit her, resulting
in pain so severe that it caused her to miss work for days thereafter, was supported by her sister,
who witnessed defendant punch the complainant and took multiple photographs of bruising on
the complainant's right arm and shoulder. Two police officers observed these same bruises, as
well as bite marks on the complainant's right hand, and photographed them, too. The triage nurse
and a treating physician at a hospital emergency room also observed and described these injuries,
and the complainant was given medication for the pain she said she was feeling. This cumulative
evidence demonstrated beyond a reasonable doubt that defendant intentionally caused physical
injury to the complainant (see Penal Law § 120.00 [1]), in that he caused her
"substantial pain," at a minimum (Penal Law § 10.00 [9]).
Although the testimony of the complainant and her sister "contained contradictions, these
discrepancies and inconsistencies were minor, and did not render the witnesses' testimony
incredible or unreliable . . . . Those discrepancies and inconsistencies . . . were fully explored at
trial and were matters to be considered by the jury in assessing the witnesses' credibility" (People v Baksh, 43 AD3d 1072,
1073 [2007] [citations omitted]; see
People v Johnson, 176 AD3d 1392, 1395 [2019] ["not every inconsistency . . . implies
that a witness'[s] testimony is perjurious"] [internal quotation marks omitted]; People v Carrasquillo, 170 AD3d
1592, 1593 [2019] [" 'Numerous witnesses inculpated defendant[], and the jury could have
reasonably concluded that differences in their perception and memory of details of this
fast-paced, chaotic event accounted for the inconsistencies' "], quoting People v Romero, 7 NY3d 633,
636 [2006]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 4, 2021