■ In the Matter of JAMES D., a Person Alleged to be a Juvenile Delinquent, Appellant. [647 NYS2d 964] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Orange County (Ludmerer, J.), entered January 4, 1995, which, upon a fact-finding order of the same court, entered November 9, 1994, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree (two counts), reckless endangerment in the second degree, and unlawful possession of weapons by persons under 16 years of age, adjudged him to be a juvenile delinquent and sentenced him to a period of up to two years probation, restitution in the amount of $1,500, and 50 hours of community service. The appeal brings up for review the fact-finding order entered November 9, 1994.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant was adjudged to be a juvenile delinquent after a finding that he had committed acts, which if committed by an adult, would have constituted assault in the second degree, reckless endangerment in the second degree, and possession of weapons by a person under 16 years of age. The finding was based upon an incident on October 16, 1993, during which the appellant, while acting in concert with George V. (see, Matter of George V., 231 AD2d 641 [decided herewith]), fired a "BB gun" into the window of the automobile of the complainant, causing him to sustain serious physical injuries.

Viewing the evidence in the light most favorable to the presentment agency (cf., People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the finding of the Family Court was not against the weight of the evidence (cf., CPL 470.15 [5]).

We have reviewed the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.