■ In the Matter of KAREEM F., Appellant. [791 NYS2d 833]— In a juvenile delinquency proceeding pursuant to Family Court

Act article 3, the appeal is from an order of fact-finding and disposition of the Family Court, Westchester County (Klein, J.), dated February 2, 2004, which, upon finding that he had committed an act, which, if committed by an adult, would have constituted the crime of sexual abuse in the third degree, adjudged him to be a juvenile delinquent, placed him on probation for a period of one year, and directed him, inter alia, to attend sexual offender treatment counseling.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the appellant on probation for a period of one year is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Frank C.,* 283 AD2d 643 [2001]) we find that it was legally sufficient to support the determination made at the fact finding-hearing (*see People v Felton,* 145 AD2d 969 [1988]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the evidence (*see Matter of Severn J.,* 250 AD2d 682, 683 [1998]; *see Matter of Antoine L.,* 248 AD2d 472, 473 [1998]; *Matter of Erik D.,* 248 AD2d 383, 384 [1998]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The appellant's remaining contention is without merit. Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.