A party seeking to obtain relief from an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a meritorious defense to the motion (*see* CPLR 5015 [a] [1]; *Matter of Phillips v Goord,* 16 AD3d 422 [2005]; *NYCTL 1998-2 Trust v Levin,* 13 AD3d 595 [2004]; *Costanza v Gold,* 12 AD3d 551 [2004]; *Melish v Melish,* 267 AD2d 218 [1999]). Here, the plaintiff claimed, in essence, that the defendants' attorney misled his prior attorney into believing that the return date of the defendants' motion for summary judgment had been adjourned. However, the documentary evidence upon which the plaintiff relied did not substantiate this claim, and he offered no other explanation for his failure to oppose the defendants' motion. Thus, the plaintiff failed to demonstrate a reasonable excuse for his default. Furthermore, the plaintiff failed to establish the existence of a meritorious defense to the defendants' motion which was predicated, in part, upon the plaintiff's failure to comply with court-ordered disclosure. Accordingly, upon reargument, the Supreme Court properly adhered to its original determination denying that branch of the plaintiff's motion which was to vacate the order entered upon his default in opposing the defendants' motion for summary judgment (*see Philippi v Metropolitan Transp. Auth.,* 16 AD3d 654 [2005]; *NYCTL 1998-2 Trust v Levin, supra; Abrams v City of New York,* 13 AD3d 566 [2004]; *Lizardo v Midwest Automation, Inc.,* 13 AD3d 418 [2004]; *Melish v Melish, supra*). Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.

■ In the Matter of SHARIFF A., a Person Alleged to be a Juvenile Delinquent, Appellant. [816 NYS2d 92]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Shariff A. appeals (1), as limited by his brief, from so much of an order of the Family Court, Kings County (Hepner, J.), dated June 10, 2004, as denied that branch of his motion which was for a mistrial based upon the alleged inaccuracy of the interpreter's translation, (2) from a fact-finding order of the same court dated October 12, 2004, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, criminal possession of stolen property in the fifth degree, menacing in the third degree, attempted robbery in the second degree, and grand larceny in the fourth degree, and (3) from an order of disposition of the same court dated February 17, 2005 which, upon the fact-finding order, adjudged him to be a juvenile delin-

quent and imposed a conditional discharge for a period of six months.

Ordered that the appeals from the order dated June 10, 2004 and from the fact-finding order are dismissed, without costs or disbursements, as those orders were superseded by the order of disposition dated February 17, 2005; and it is further,

Ordered that the appeal from so much of the order of disposition as imposed a conditional discharge for a period of six months is dismissed as academic, without costs or disbursements, as that period has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, criminal possession of stolen property in the fifth degree, menacing in the third degree, attempted robbery in the second degree, and grand larceny in the fourth (*see People v Contes,* 60 NY2d 620 [1983]; *Matter of Kareem F.,* 17 AD3d 362, 363 [2005]). Although there were some inconsistencies in the complainant's testimony, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented are to be determined by the trier of fact, who had an opportunity to see and hear the witnesses (*see Matter of Jason Z.,* 19 AD3d 702 [2005]; *Matter of Kryzstof K.,* 283 AD2d 431, 432 [2001]; *Matter of Titus S.,* 243 AD2d 636 [1997]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Troy J.,* 22 AD3d 581 [2005]). Upon the exercise of our factual review power, we are satisfied that the Family Court's findings of fact were not against the weight of the credible evidence (*cf.* CPL 470.15 [5]).

The appellant failed to establish that there was any error in the translation of the complainant's testimony (*see People v Staley,* 262 AD2d 30 [1999]). Moreover, we are satisfied that the Family Court took sufficient steps to ascertain that the complainant understood the interpreter, and that the interpreter understood the complainant (*see People v Yun Ping Lin,* 279 AD2d 437 [2001]). Crane, J.P., Krausman, Skelos and Lifson, JJ., concur.