■ In the Matter of JONATHAN H., a Person Alleged to be a Juvenile Delinquent, Appellant. [835 NYS2d 329]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Turbow, J.), dated November 3, 2005, which, upon a fact-finding order of the same court dated August 26, 2005, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated August 26, 2005.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the appellant's identity as the perpetrator beyond a reasonable doubt (*see* Family Ct Act § 342.2 [2]). "An identification is not precluded merely because the witness did not see the facial features of the perpetrator" (*Matter of Ryan W.*, 143 AD2d 435, 436 [1988]). Moreover, upon the exercise of our factual review power, we cannot say that the court's determination was against the weight of the evidence (*see Matter of James B.*, 262 AD2d 480, 481 [1999]; *cf.* CPL 470.15 [5]). Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.