■ In the Matter of DANIEL R., a Person Alleged to be a Juvenile Delinquent, Appellant. [856 NYS2d 876]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated May 7, 2007, which, upon a fact-finding order of the same court dated March 30, 2006, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would constitute the crimes of rob-

bery in the second degree and grand larceny in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated March 30, 2006.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired (see *Matter of Marlene B.,* 12 AD3d 596 [2004]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the Presentment Agency (see *Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Shariff A.,* 28 AD3d 546, 547 [2006]; cf. *People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and grand larceny in the fourth degree (see Penal Law § 155.30 [5]; § 160.10 [1]).

Resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (see *Matter of Anthony R.,* 43 AD3d 939 [2007]; *Matter of Charles S.,* 41 AD3d 484 [2007]; *Matter of Christian M.,* 37 AD3d 834 [2007]; cf. *People v Romero,* 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power (cf. CPL 470.15 [5]), we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; cf. *People v Romero,* 7 NY3d 633 [2006]). Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.