■ In the Matter of ROBERT A., a Person Alleged to be a Juvenile Delinquent, Appellant. [870 NYS2d 392]—

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Charles S.,* 41 AD3d 484, 485 [2007]), we find that it was legally sufficient to support the finding that the appellant recklessly engaged in conduct that created a substantial risk of serious injury and which, if committed by an adult, would have constituted the crime of reckless endangerment in the second degree (*see* Penal Law § 120.20; *Matter of Kadeem W.,* 5 NY3d 864, 865 [2005]; *Matter of George V.,* 231 AD2d 641, 642 [1996]; *Matter of James D.,* 231 AD2d 631 [1996]; *see also Matter of Jehadh S.,* 24 AD3d 128, 128-129 [2005]; *Matter of Rydell D.,* 285 AD2d 592 [2001]). The complainant observed the appellant during the incident under good lighting conditions, and subsequently identified the appellant at a showup that took place 15 minutes after the incident. Under these circumstances, the identification testimony was legally sufficient (*see Matter of Jonathan A.,* 36 AD3d 697, 698 [2007]; *People v Rodgers,* 6 AD3d

464, 465 [2004]; *People v Terrill,* 265 AD2d 587 [1999]; *People v Baptiste,* 201 AD2d 659, 660-661 [1994]).

Moreover, in conducting an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*cf. People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the findings of fact were not against the weight of the evidence (*cf. People v Romero,* 7 NY3d 633 [2006]). Spolzino, J.P., Florio, Carni and Leventhal, JJ., concur.