■ In the Matter of MAYA W., a Person Alleged to be a Juvenile Delinquent, Appellant. [874 NYS2d 914]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated July 1, 2008, which, upon a fact-finding order of the same court dated April 8, 2008, made after a hearing, inter alia, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and attempted assault in the third degree, adjudged her to be a juvenile delinquent, and placed her in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated April 8, 2008.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Daniel R.*, 51 AD3d 933, 933-934 [2008]; *Matter of Shariff A.*, 28 AD3d 546, 547 [2006]; *Matter of Tiffany M.*, 24 AD3d 556 [2005]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and attempted assault in the third degree (*see* Penal Law §§ 110.00, 120.00; § 155.30 [5]; § 160.10 [1]; § 165.40).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Victor I.*, 57 AD3d 779 [2008]; *Matter of Robert A.*, 57 AD3d 770 [2008]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the trier of fact's opportunity to view the witnesses, hear the testimony, and observe

demeanor (see Matter of Daniel R., 51 AD3d 933, 933-934 [2008]; Matter of Shariff A., 28 AD3d 546, 547 [2006]; Matter of Tiffany M., 24 AD3d 556 [2005]; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; cf. People v Romero, 7 NY3d 633, 644-645 [2006]).

The appellant's remaining contentions are without merit. Mastro, J.P., Skelos, Dillon and Eng, JJ., concur.