■ In the Matter of LATIYANNA M., a Person Alleged to be a Juvenile Delinquent, Appellant. [878 NYS2d 424]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a fact-finding order of the Family Court, Dutchess County (Amodeo, J.), dated April 21, 2008, which, after a hearing, found that the appellant had committed acts, which, if committed by an adult, would have constituted the

crimes of grand larceny in the fourth degree (two counts) and criminal possession of stolen property in the fourth degree, and (2) an order of disposition of the same court, also dated April 21, 2008, which, upon the fact-finding order, adjudged her to be a juvenile delinquent and, upon her consent, placed her in secure detention under the custody of the New York State Office of Children and Family Services for a period of 16 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as, upon her consent, placed the appellant in a secure facility under the custody of the New York State Office of Children and Family Services for 16 months is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant is not aggrieved by that part of the order of disposition which placed her in secure detention for a period of 16 months, since she consented to the disposition (*see Matter of Shaheen P.J.*, 29 AD3d 996, 997 [2006]; *Matter of Javon H.*, 28 AD3d 556 [2006]; *Matter of Shanita V.*, 7 AD3d 804 [2004]; *Matter of Shamasia M.*, 4 AD3d 359, 361 [2004]).

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Daniel R.*, 51 AD3d 933 [2008]; *Matter of Shariff A.*, 28 AD3d 546, 547 [2006]; *Matter of Tiffany M.*, 24 AD3d 556 [2005]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree (two counts) and criminal possession of stolen property in the fourth degree (*see* Penal Law § 155.30 [4]; § 165.45 [2]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Victor I.*, 57 AD3d 779 [2008]; *Matter of Robert A.*, 57 AD3d 770 [2008]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.*, 51 AD3d 933, 933-934 [2008]; *Matter of Shariff A.*, 28 AD3d 546, 547 [2006]; *Matter of Tiffany M.*, 24 AD3d 556 [2005]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record

here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; cf. People v Romero, 7 NY3d 633 [2006]). Rivera, J.P., Covello, Dickerson and Chambers, JJ., concur.