■ In the Matter of MELISSA N., a Person Alleged to be a Juvenile Delinquent, Appellant. [878 NYS2d 783]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated April 30, 2008, which, upon a fact-finding order of the same court dated March 17, 2008, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree, attempted grand larceny in the fourth degree, and criminal possession of a weapon in the fourth degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 24 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's contention that the evidence was legally insufficient to establish that she was "aided by another person actually present" (Penal Law § 160.10 [1]) is unpreserved for appellate review, as she failed to raise that specific claim before the Family Court (*see Matter of Anthony R.*, 43 AD3d 939, 939-940 [2007]; *cf.* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484

[2008]). In any event, viewing the evidence at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted robbery in the second degree (*cf. People v Barksdale,* 50 AD3d 400, 401 [2008]; *People v Washington,* 283 AD2d 661, 662 [2001]; *People v Stokes,* 278 AD2d 18, 18-19 [2000]; *People v Wilkerson,* 189 AD2d 592 [1993]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.,* 59 AD3d 617 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.,* 51 AD3d 933, 933-934 [2008]; *cf. People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the findings of fact were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero,* 7 NY3d 633 [2006]).

The Family Court providently exercised its discretion in determining that a period of probation of 24 months was appropriate based on the needs and best interests of the appellant and the need to protect the community (*see Matter of Marcus M.,* 277 AD2d 240 [2000]; Family Ct Act § 352.2 [2] [a]). Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur.