■ In the Matter of PRINCE W., a Person Alleged to be a Juvenile Delinquent, Appellant. [880 NYS2d 498]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Kings County (Elkins, J.), dated February 27, 2008, which, upon a fact-finding order of the same court dated January 23, 2008, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree, adjudged him to be a juvenile delinquent, and placed him with the New York State Office of Children and Family Services for a period of 18 months with credit for the time spent in detention pending disposition, under docket No. D-32939-07, to run concurrently with the appellant's placement under docket No. D-02327-05/07C, and (2) an order of the same court, also dated February 27, 2008, which found that the appellant violated a condition of a term of probation previously imposed in an order of disposition dated May 10, 2007, vacated the order of disposition dated May 10, 2007, and placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 18 months, with credit for the time spent in detention pending disposition.

Ordered that the orders are affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish that the appellant committed an act, which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree (see Penal Law § 265.03 [3]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Victor I., 57 AD3d 779 [2008]; Matter of Robert A., 57 AD3d 770 [2008]; cf. CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we

nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Hasan C.*, 59 AD3d 617 [2009]; *Matter of Victor I.*, 57 AD3d 779 [2008]; *Matter of Robert A.*, 57 AD3d 770 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of Victor I.*, 57 AD3d 779 [2008]; *Matter of Robert A.*, 57 AD3d 770 [2008]; *cf. People v Romero*, 7 NY3d 633 [2006]). Inasmuch as the act constituting the basis for the fact-finding order was also the basis for the court's finding that the appellant violated the previously imposed term of probation, we also affirm the order revoking probation. Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.