■ In the Matter of YASPAL P., a Person Alleged to be a Juvenile Delinquent, Appellant. [882 NYS2d 486]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated September 23, 2008, which, upon a fact-finding order of the same court dated August 20, 2008, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal from the order of disposition brings up for review the fact-finding order dated August 20, 2008.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree. Moreover, in conducting an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the fact finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the findings of fact were not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633, 644 [2006]).

The appellant's remaining contentions are without merit. Fisher, J.P., Florio, Covello and Dickerson, JJ., concur.