■ In the Matter of Isaiah Mc., Appellant. [887 NYS2d 668]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Richmond County (DiDomenico, J.), dated August 8, 2008, which, upon a fact-finding order of the same court dated

April 28, 2008, made after a hearing, inter alia, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crimes of robbery in the first degree, grand larceny in the fourth degree, menacing in the second degree, criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the fifth degree, and attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months, with credit for time served. The appeal brings up for review the fact-finding order dated April 28, 2008.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Daniel R.,* 51 AD3d 933, 934 [2008]; *Matter of Shariff A.,* 28 AD3d 546, 547 [2006]; *Matter of Tiffany M.,* 24 AD3d 556 [2005]; *cf. People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the appellant's identity as the perpetrator beyond a reasonable doubt (*see* Family Ct Act § 342.2 [2]; *Matter of Jonathan H.,* 39 AD3d 856, 857 [2007]; *see also Matter of Jamal V.,* 159 AD2d 507 [1990]; *Matter of Angel R.,* 134 AD2d 265, 266 [1987]; *cf. People v Newton,* 46 NY2d 877, 879 [1979]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the trier of fact's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.,* 51 AD3d 933, 934 [2008]; *Matter of Shariff A.,* 28 AD3d at 547; *Matter of Tiffany M.,* 24 AD3d at 556; *cf. People v Mateo,* 2 NY3d 383, 410 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero,* 7 NY3d 633, 644-645 [2006]). Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.