■ In the Matter of TRAYVOND W., a Person Alleged to be a Juvenile Delinquent, Appellant. [894 NYS2d 914]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated January 30, 2009, which, upon a fact-finding order of the same court dated October 3, 2008, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal mischief in the fourth degree and menacing in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for period of 12 months. The appeal brings up for review the fact-finding order dated October 3, 2008.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as that portion of the order of disposition expired by its own terms (see Matter of Joseph R., 49 AD3d 651 [2008]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant failed to preserve for appellate review his contention regarding the legal sufficiency of the evidence (see Matter of Omar G., 38 AD3d 549 [2007]; Matter of Bryan C., 23 AD3d 652 [2005]). In any event, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792 [1987]; cf. People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant's identity and that the appellant committed acts which, if committed by an adult, constituted the crimes of criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and menacing in the second degree (Penal Law § 120.14 [1]; see Family Ct Act § 342.2 [2]; Matter of Isaiah Mc., 66 AD3d 1025 [2009]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Hasan C., 59 AD3d 617, 617-618 [2009]; cf. CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Daniel R., 51 AD3d 933 [2008]; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Matter of Darnell C., 66 AD3d 771, 772 [2009]; cf. People v Romero, 7 NY3d 633 [2006]).

The appellant's remaining contention is unpreserved for appellate review and, in any event, does not require reversal. Covello, J.P., Miller, Dickerson and Belen, JJ., concur.