■ In the Matter of BROOKLYN B., a Person Alleged to be a Juvenile Delinquent, Appellant. [909 NYS2d 382]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Freeman, J.), dated October 9, 2009, which, upon a fact-finding order of the same court dated September 30, 2009, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and menacing in the third degree, adjudged him to be a

juvenile delinquent, and placed him with the New York State Office of Children and Family Services for a period of 18 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of menacing in the third degree, and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant failed to preserve for appellate review his contention regarding legal sufficiency of the evidence (see CPL 470.05 [2]; Matter of Omar G., 38 AD3d 549, 550 [2007]). In any event, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Kenyetta F., 49 AD3d 540, 541 [2008]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant's identity as the person who committed the acts complained of (see Matter of Trayvond W., 71 AD3d 683, 683 [2010]; Matter of Isaiah Mc., 66 AD3d 1025, 1026 [2009]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Hasan C., 59 AD3d 617, 617-618 [2009]; Matter of Robert A., 57 AD3d 770, 771 [2008]; cf. CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Hasan C., 59 AD3d at 618; Matter of Robert A., 57 AD3d at 771; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination with regard to the appellant's identity was not against the weight of the evidence (cf. People v Romero, 7 NY3d 633 [2006]).

However, in the exercise of our interest of justice jurisdiction, we agree with the appellant that the evidence was legally insufficient to establish that he committed an act which, if committed by an adult, would have constituted the crime of menacing in the third degree (see Penal Law § 120.15; Matter of Ashley C., 59 AD3d 715, 715-716 [2009]; Matter of Davonte B., 44 AD3d 763, 764 [2007]; Matter of Wanji W., 305 AD2d 690, 691 [2003]). Accordingly, that count of the petition must be dismissed. Dillon, J.P., Florio, Balkin and Roman, JJ., concur.