■ In the Matter of DEVON A., a Person Alleged to be a Juvenile Delinquent, Appellant. [912 NYS2d 276]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated January 27, 2010, which, upon a fact-finding order of the same court dated December 11, 2008, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree, attempted assault in the second degree, attempted as-

sault in the third degree, and attempted grand larceny in the fourth degree, adjudged the appellant to be a juvenile delinquent and placed him on enhanced supervision probation for a period of 12 months, to include 60 hours of community service. The appeal brings up for review the fact-finding order dated December 11, 2008.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The presentment agency filed a juvenile delinquency petition dated May 24, 2007, which charged the appellant and his brother with having committed acts on April 22, 2007, which, if committed by an adult, would have constituted the crimes of, among other things, attempted robbery in the second and third degrees, attempted grand larceny in the fourth degree, and attempted assault in the second and third degrees.

The petition was supported with the sworn statement of a named undercover police officer who asserted, inter alia, that on April 22, 2007 at 12:47 A.M., at the intersection of Redfern and Mott Avenues in Queens, he observed the subjects of the petition and an adult male punch, kick, and attempt to rob a male victim, causing him to fall to the ground, and to continue the attack while the victim was lying on the ground. The victim sustained an abrasion under his eye, which was bleeding.

Contrary to the appellant's contention, the officer's identification of the appellant as one of the perpetrators "occurred at a place and time sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure" (*People v Wharton*, 74 NY2d 921, 922-923 [1989]). Moreover, "[t]he risk of undue suggestiveness is obviated" since the officer's "observation of the [appellant]" during the commission of the crimes, within very close proximity and without obstructions, and his identification of the appellant within minutes, at the scene, was "so clear that the identification could not be mistaken" (*People v Boyer*, 6 NY3d 427, 432 [2006]). Accordingly, the notice and hearing requirements of CPL 710.30 were inapplicable (*id.*; cf. *People v DeJesus*, 19 AD3d 705 [2005]; *People v Polk*, 284 AD2d 416 [2001]).

The Family Court properly denied the appellant's request for a negative inference to be drawn as a result of the complainant's failure to testify. Despite learning on October 18, 2007, that the presentment agency would not be calling the complainant as a witness, the appellant failed to request that the Family Court draw a negative inference until October 3, 2008, after both sides had rested and the presentment agency had completed its case

on rebuttal. Thus, the appellant's request was untimely (*see People v Sealy*, 35 AD3d 510 [2006]; *People v Breen*, 292 AD2d 459 [2002]; *People v Woods*, 275 AD2d 332 [2000]; *People v Woodford*, 200 AD2d 644 [1994]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Ashley P.*, 74 AD3d 1075, 1075-1076 [2010]; *Matter of Eddie J.*, 68 AD3d 870 [2009]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find it was legally sufficient to support the finding that the appellant engaged in conduct which, if committed by an adult, would have constituted the crime of attempted robbery in the second degree, attempted assault in the second degree, attempted assault in the third degree, and attempted grand larceny in the fourth degree. Moreover, in conducting an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the Family Court's findings of fact were not against the weight of the evidence (*see Matter of Robert A.*, 57 AD3d 770 [2008]; *Matter of Jennifer B.*, 45 AD3d 589 [2007]; *Matter of Jonathan A.*, 36 AD3d 697 [2007]; *Matter of Willie W.*, 32 AD3d 479 [2006]; *Matter of Felix D.*, 30 AD3d 598 [2006]). Prudenti, P.J., Florio, Belen and Austin, JJ., concur.