■ In the Matter of Rodolfo M., a Person Alleged to be a Juvenile Delinquent, Appellant. [911 NYS2d 913]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated June 2, 2009, which, upon a fact-finding order of the same court dated March 20, 2009, made after a hearing, finding that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts), grand larceny in the fourth degree (two counts), and criminal possession of stolen property in the fifth degree (two counts), adjudged him to be a juvenile delinquent and placed him on probation for a period of two years.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends, inter alia, that the evidence was legally insufficient to support the fact-finding determination. Insofar as this contention relates to the issue of identification, it is unpreserved for appellate review, as the appellant did not specifically address the issue of identification in his motion for a trial order of dismissal (*see Matter of Malcolm G.*, 38 AD3d 662, 663 [2007]; *cf. People v Jean-Marie*, 67 AD3d 704 [2009]; *People v Warren*, 50 AD3d 706, 707 [2008]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Brooklyn B.*, 77 AD3d 934 [2010]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant's identity as the person who committed the acts complained of (*see Matter of Brooklyn B.*, 77 AD3d 934 [2010]). Moreover, upon our independent review of the record, we are satisfied that the fact-finding determination was not against the weight of the evidence (*see Matter of Joel C.*, 70 AD3d 936, 937 [2010]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]). Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.