In the Matter of Gilberto M. III, Appellant. [931 NYS2d 889]—

The appellant contends that the evidence was legally insufficient to support the fact-finding determination as to attempted gang assault in the first degree and assault in the second degree. Insofar as this contention relates to the issues of justification and physical injury, it is unpreserved for appellate review, as he failed to raise those specific claims before the Family Court (*see Matter of Rodolfo M.*, 79 AD3d 752 [2010]; *Matter of Melissa N.*, 62 AD3d 884 [2009]; *Matter of Anthony R.*, 43 AD3d 939 [2007]; *cf.* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Christopher C.*, 54 AD3d 757 [2008]; *Matter of Christian M.*, 37 AD3d 834 [2007]), we find that it was legally sufficient to establish, beyond a reasonable doubt (*see* Family Ct Act § 342.2 [2]), that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted gang assault in the first degree and assault in the second degree (two counts) (*cf.* Penal Law §§ 110.00, 120.07, 120.05 [2]). Moreover, upon our independent review of the record (*cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342,

348 [2007]), we are satisfied that the fact-finding determination as to those acts was not against the weight of the evidence (*see Matter of Devon A.*, 78 AD3d 1171, 1173 [2010]; *Matter of Hasan C.*, 59 AD3d 617 [2009]). Mastro, J.P., Eng, Belen and Hall, JJ., concur.