—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Freeman, J.), dated June 24, 2011, which, upon a fact-finding order of the same court dated April 21, 2011, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the third degree and obstructing governmental administration in the second degree, adjudged her to be a juvenile delinquent and placed her on probation for 12 months. The appeal brings up for review the fact-finding order dated April 21, 2011.
Ordered that the order of disposition is affirmed, without costs or disbursements.
Contrary to the appellant’s contentions, the Family Court properly determined that there was probable cause for police officers to take the appellant into custody pursuant to Mental Hygiene Law § 9.41 (see generally Bayne v Provost, 2005 WL 1871182, *7, 2005 US Dist LEXIS 40889, *24-27 [ND NY 2005]). Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Summer D., 67 AD3d 1008 [2009]; Matter of Davonte B., 44 AD3d 763 [2007]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree (see Penal Law § 195.05; see generally People v Romeo, 9 AD3d 744 [2004]; Matter of Joshua C., 289 AD2d 1095 [2001]), and attempted assault in the third degree (see Penal Law §§ 110.00, 120.00). In addition, upon the exercise of our factual review power (cf CPL 470.15 [5]), we are satisfied that the findings of fact with regard to the foregoing acts are not against the weight of the evidence (see generally Matter of Devon A., 78 AD3d 1171 [2010]).
The appellant’s remaining contentions are without merit. Florio, J.P., Balkin, Hall and Miller, JJ., concur.