—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jose A.L. appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Kelly, J.), dated March 1, 2012, which, after a hearing, found that he committed an act which, if committed by an adult, would have constituted the crime of criminal contempt in the second degree, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months.
Ordered that the appeal from so much of the order of fact-finding and disposition as placed Jose A.L. in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,
Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The Family Court found that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal contempt in the second degree by threatening the complainant in a voice mail message left on the cell phone of the complainant’s husband, in violation of an order of protection.
The appellant contends that the evidence at the fact-finding hearing was legally insufficient to establish that he intentionally disobeyed the order of protection because the cell phone belonged to the complainant’s husband and not to the complainant. This contention is unpreserved for appellate review, as the appellant failed to raise this specific claim before the Family Court (see Matter of Gilberto M., 89 AD3d 734 [2011]; Matter of Kalexis R., 79 AD3d 755, 756 [2010]; cf. People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the presentment agency (see Matter *739 of Ellius R., 97 AD3d 586, 587 [2012]), we find that the evidence was legally sufficient to support the finding. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (cf. CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Ellius R., 97 AD3d at 587; cf. People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court’s fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]).
The appellant’s contentions that the Family Court erred in admitting into evidence a recording of the voice mail message and in allowing witnesses to testify as to their opinion of what could be heard on the recording are unpreserved for appellate review, as the appellant did not make those contentions at the fact-finding hearing. In any event, the appellant was not prejudiced by any error in allowing this evidence, as the Family Court stated that because the recording was unintelligible, it did not consider the recording in rendering its determination, but, instead, relied on the testimony of witnesses who had heard the voice mail message. Skelos, J.P, Dickerson, Lott and Roman, JJ., concur.