In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Dajahn M. appeals from an order of disposition of the Family Court, Kings County (Elkins, J.), dated April 13, 2012, which, upon a fact-finding order of the same court dated February 2, 2012, made after a hearing, finding that he committed acts, which, if committed by an adult, would have constituted the crimes of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated February 2, 2012.
Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired. However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding order, has not been rendered academic (see Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212 [1980]).
*813 Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant’s identity as the person who committed the acts complained of (see Matter of Kalexis R., 79 AD3d 755, 756 [2010]; Matter of Rodolfo M., 79 AD3d 752 [2010]; Matter of Brooklyn B., 77 AD3d 934, 935 [2010]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Danielle B., 94 AD3d 757, 758 [2012]; Matter of Hasan C., 59 AD3d 617, 617-618 [2009]; cf. CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Leonel T., 78 AD3d 1188, 1189 [2010]; Matter of Brooklyn B., 77 AD3d at 935). Upon reviewing the record here, we are satisfied that the Family Court’s fact-finding determination with regard to the appellant’s identity was not against the weight of the evidence (see Matter of Kalexis R., 79 AD3d at 756; Matter of Rodolfo M., 79 AD3d at 752; Matter of Brooklyn B., 77 AD3d at 935). Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.