In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jayson V appeals from (1) a fact-finding order of the Family Court, Queens County (Hunt, J.), dated May 30, 2013, made after a fact-finding hearing, finding that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and attempted assault in the third degree, and (2) an order of disposition of the same court dated June 24, 2013, which, upon the fact-finding order, adjudged him to be a juvenile delinquent and, upon his consent, placed him in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility for a period of up to 18 months, with a minimum of six months and with credit for time served.
Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the appeal from so much of the order of disposition as, upon the appellant’s consent, placed him in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility for a period of up to 18 months, with a minimum of six months and with credit for time served is dismissed, without costs or disbursements, as the appellant is not aggrieved thereby (see CPLR 5511; Matter of Cristian C., 104 AD3d 941 [2013]); and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the appellant’s identity as the person who committed the acts complained of (see Matter of Shaquary B., 110 AD3d 1065 [2013]; Matter of Dajahn M., 110 AD3d 812, 813 [2013]; Matter of Kalexis R., 79 AD3d 755, 756 [2010]; Matter of Rodolfo M., 79 AD3d 752 [2010]; Matter of Brooklyn B., 77 AD3d 934, 935 [2010]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Hasan C., 59 AD3d 617, 617-618 [2009]; cf. CPL *961 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Victor I., 57 AD3d 778, 779 [2008]; Matter of Brooklyn B., 77 AD3d at 935). Upon reviewing the record here, we are satisfied that the Family Court’s fact-finding determination with regard to the appellant’s identity was not against the weight of the evidence (see Matter of Shaquary B., 110 AD3d at 1066; Matter of Dajahn M., 110 AD3d at 813; Matter of Kalexis R., 79 AD3d at 756; Matter of Rodolfo M., 79 AD3d at 752; Matter of Brooklyn B., 77 AD3d at 935).
Rivera, J.E, Austin, Roman and Hinds-Radix, JJ., concur.