Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the order of disposition is affirmed, without costs or disbursements.
Contrary to the appellant’s contentions, the showup procedure by which the complainant identified him was reasonable under the circumstances, having been conducted in close spatial and temporal proximity to the incident (see People v Duuvon, 77 NY2d 541, 544 [1991]; Matter of Dashawn R., 114 AD3d 686 [2014]; People v Guitierres, 82 AD3d 1116, 1117 [2011]; Matter of Kassan D., 282 AD2d 747 [2001]). Furthermore, there was no evidence of undue suggestiveness (see People v Guy, 47 AD3d 643, 644 [2008]; Matter of Louis C., 6 AD3d 430, 431 [2004]; People v Yearwood, 197 AD2d 554 [1993]). Accordingly, the Family Court properly denied suppression of the identification testimony.
Viewed in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]), the evidence was legally sufficient to establish beyond a reasonable doubt the appellant’s identity and that he committed acts which, if committed by an adult, would have constituted the crimes of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree (see People v Daddona, 81 NY2d 990 [1993]; Matter of Uriah M., 107 AD3d 997, 999 [2013]; Matter of Trayvond W., 71 AD3d 683 [2010]; People v John, 51 AD3d 819, 819-820 [2008]). Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court’s determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; cf. People v Romero, 7 NY3d 633 [2006]).
Rivera, J.R, Sgroi, Hinds-Radix and Maltese, JJ., concur.