Matter of Treyvone A. (Manuel R.) (2020 NY Slip Op 07049)





Matter of Treyvone A. (Manuel R.)


2020 NY Slip Op 07049


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-12668
 (Docket No. N-8871-17)

[*1]In the Matter of Treyvone A. (Anonymous). Administration for Children's Services, petitioner-respondent; Manuel R. (Anonymous), appellant, et al., respondent.


Richard L. Herzfeld, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Eva L. Jerome of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Manuel R. appeals from an order of disposition of the Family Court, Kings County (Jacqueline B. Deane, J.), dated September 25, 2019. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated May 24, 2019, made after a fact-finding hearing, finding that Manuel R. neglected the subject child, and an order of the same court dated June 27, 2019, denying Manuel R.'s motion, inter alia, to vacate the order of fact-finding, and after a dispositional hearing, placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.
ORDERED that the order of disposition is modified, on the law and the facts, by deleting the provision thereof finding that Manuel R. neglected the subject child by using excessive corporal punishment to discipline the child; as so modified, the order of disposition is affirmed, without costs or disbursements, and the order of fact-finding is modified accordingly.
"To establish neglect of a child, a petitioner must demonstrate by a preponderance of the evidence, 'first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent [or a person legally responsible for the child] . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Taylor P. [Kevin R.], 163 AD3d 678, 678-679, quoting Nicholson v Scoppetta, 3 NY3d 357, 368; see Family Ct Act §§ 1012[f][i]; 1046[b][i]).
We agree with the Family Court's determination that the petitioner established, by a preponderance of the evidence, that Manuel R. neglected the child by failing to provide the child with adequate food and clothing, based on the testimony of the child's kindergarten teacher, and that as a result, the child's physical, mental, or emotional condition was in imminent danger of becoming [*2]impaired (see Family Ct Act § 1012[f][i]). While the teacher incorrectly testified as to the dates when the child was in her class, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are to be determined by the trier of fact, who had an opportunity to see and hear the witnesses (see Matter of Shariff A., 28 AD3d 546, 547). We accord deference to the Family Court's determination that the teacher's testimony was credible despite the teacher's mistake as to the dates of the child's attendance in her class. Likewise, there is no merit to Manuel R.'s contention that he was denied due process by the Family Court's finding that the teacher taught the child during the fall of 2016, which finding was erroneous.
Manuel R. was aware of the teacher's allegations prior to the fact-finding hearing, as the allegations were cited in the petition, and he had the opportunity to cross-examine the teacher regarding her testimony at the hearing. Manuel R. also entered into evidence at the fact-finding hearing school records that established that the child attended kindergarten at the school where the teacher taught from January 25, 2017, until after the petition was filed in March 2017.
However, we disagree with the Family Court's finding that the petitioner established, by a preponderance of the evidence, that Manuel R. neglected the child by using excessive corporal punishment to discipline him. A child's prior out-of-court statements relating to allegations of abuse or neglect are admissible in evidence, but if uncorroborated, such statements are not sufficient to support a finding of abuse or neglect (see Family Ct Act § 1046[a][vi]; Matter of Tristan R., 63 AD3d 1075, 1076). The Family Court has "considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of [neglect]" (Matter of Candace S., 38 AD3d 786, 787 [internal quotation marks omitted]). However, generally a petitioner must present nonhearsay, relevant evidence to reliably corroborate the out-of-court disclosures (see Matter of Ashley G. [Eggar T.], 163 AD3d 963, 965; Matter of Nicole G. [Louis G.], 105 AD3d 956, 957). Moreover, "repetition of an accusation by a child does not corroborate the child's prior account of it" (Matter of Nicole V., 71 NY2d 112, 124)
Here, where there was no physical evidence of neglect, the child's out-of-court statements that Manuel R. disciplined him by punching him in the stomach were not sufficiently corroborated by nonhearsay, relevant evidence tending to support the reliability of the statements. While the child did say "ow, ow it hurt" when a case worker touched his stomach, this occurred after the caseworker told the child that she did not see bruises on his stomach. Moreover, although the child made a fist to demonstrate to the caseworker what Manuel R. allegedly did when he punched him, he did this at the same time he made his verbal accusation that Manuel R. punched him. Under these circumstances, the child's reaction to the caseworker's touch and his gesture in making a fist were simply a repetition of his verbal accusation, which did not serve to corroborate his out-of-court statements (see Matter of Jada K.E. [Richard D.E.], 96 AD3d 744, 745). As there was no other evidence tending to corroborate the child's out-of-court statement, the Family Court's finding that Manuel R. inflicted excessive corporal punishment on the child was not supported by a preponderance of the evidence.
Manuel R.'s contention that he was deprived of effective assistance of counsel at the fact-finding hearing is without merit. The record shows that he was afforded meaningful representation, thereby satisfying the constitutional standard (see Matter of Innocence A.M.-F. [Khadijah N.M.-F.], 173 AD3d 869).
We agree with the Family Court's determination to deny that branch of Manuel R.'s motion which was to vacate the order of fact-finding. Manuel R. failed to establish that the evidence submitted with his motion could not have been discovered earlier through the exercise of due diligence or that it would probably have produced a different result (see CPLR 5015[a][2]; M & T Bank v Crespo, 181 AD3d 667, 668). Further, Manuel R. failed to establish that either the petitioner or the attorney for the child engaged in any fraud, misrepresentation, or other misconduct warranting vacatur of the fact-finding order pursuant to CPLR 5015(a)(3) (see Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 751; IMC Mtge. Co. v Vetere, 142 AD3d 954, 955). Moreover, Manuel R. did not show that the order of fact-finding should be vacated in the interests of substantial [*3]justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; 40 BP, LLC v Katatikarn, 147 AD3d 710).
Manuel R.'s contention that he was not a person legally responsible for the child's care is improperly raised for the first time on appeal, and therefore it is not properly before this Court (see Matter of Jordan T.R. [David R.], 113 AD3d 861).
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court